**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10668 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00027-1 |
| v. | |
| LIWEN TANG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted June 11, 2014[**]
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Liwen Tang appeals her jury convictions of two counts of immigration document fraud in violation of 18 U.S.C. § 1546(a). We have jurisdiction over Tang's appeal under 28 U.S.C. § 1291 and 48 U.S.C. § 1824, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Tang contends that Part 3B of the I-485 Form, which asked Tang to list her "present husband/wife, all of your sons and daughters," is fundamentally ambiguous.[1] "A question is fundamentally ambiguous when 'men of ordinary intelligence' cannot arrive at a mutual understanding of its meaning." *United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003) (quoting *United States v. Boone*, 951 F.2d 1526, 1534 (9th Cir. 1991)). That is not the case here. The form plainly asked Tang to list "all" of her children; her response identifying only one of her two children was a false statement.

2. Tang also challenges the sufficiency of the evidence underlying her conviction for making false statements on her I-485 Form and to an immigration adjudicator. We review to determine whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc).

The evidence was sufficient to support Tang's convictions. Both the I-485 Form and the immigration adjudicator asked Tang to disclose all of her children. *See United States v. Chu*, 5 F.3d 1244, 1248 (9th Cir. 1993). Tang's false responses to those inquiries were capable of influencing a decision to grant Tang permanent

[1] Tang's argument that 18 U.S.C. § 1546(a) is unconstitutionally vague was not raised in her opening brief, and is therefore waived. *McKay v. Ingleson*, 558 F.3d 888, 891 n. 5 (9th Cir. 2009).

resident status because the immigration adjudicator testified that the information could have cast doubt on the legitimacy of Tang's marriage to Patrick Mansfield. They were thus material. *See United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). There also was sufficient evidence for the jury to find that Tang understood the questions being asked and understood that the answers she gave were false. For instance, Tang told the investigators that she did not disclose her previous child because she was ashamed to have had a child out of wedlock. *See United States v. Sainz*, 772 F.2d 559, 562 (9th Cir. 1985).

**AFFIRMED.**